## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **JAYSON CRAWFORD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:16-CV-2402-B** |
| | § | |
| **METROPOLITAN LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## DECLARATION OF JESSICA TAYLOR IN SUPPORT OF PLAINTIFF JAYSON CRAWFORD'S RESPONSE TO DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. §1746, I, Jessica Taylor, declare and state as follows:

1.      I am the attorney of record for Plaintiff, Jayson Crawford, in the above-entitled and numbered cause.  I submit this declaration in support of Plaintiff's Response to Defendant Metropolitan Life Insurance Company's ("MetLife") Motion for Summary Judgment.  I make this declaration based on my personal knowledge.

2.      Attached hereto as Exhibit A is a true and correct copy of pages from MetLife's claim file regarding the claim for benefits made by Jayson Crawford, which its counsel produced to me during the course of litigation.

3.      Attached hereto as Exhibit B is a true and correct and complete copy of the Southwest Airlines Co. Welfare Benefit Plan Summary Plan Description Effective January 1, 2013, which MetLife's counsel produced to me during the course of litigation.

4.      I declare under penalty of perjury, that the foregoing is true and correct and to the best of my knowledge.

Executed on July 5, 2017, in San Antonio, Texas.

JESSICA TAYLOR

**APP.002**

# EXHIBIT A

# SANDERS, O'HANLON, MOTLEY & YOUNG, P.L.L.C.

**LAWYERS:**

ROGER D. SANDERS
J MICHAEL YOUNG
LAURA GALLARDO

111 South Travis Street
Sherman, Texas 75090
Office: (903) 892-9133
Fax: (903) 892-4302

www.somlaw.net

**LAWYERS:**

ANTHONY O'HANLON, P.C.*
LUKE MOTLEY, IV*
UPENDAR T. REDDY*

*Of Counsel

January 16, 2015

Attn: Claim #21412010327
Metlife Group Claims

**VIA FAX (570) 558 8645**

| | |
|---|---|
| **Insured:** | Tracy Phillips Crawford |
| **Date of Death:** | 12/15/2014 |
| **CLAIM #:** | 21412010327 |

Dear Group Benefits Administrator:

I represent Jayson Crawford regarding his claim to group life insurance benefits from his deceased wife, Tracy Crawford. Please direct all correspondence regarding his claim to the policy proceeds to my attention. Furthermore, any payment for the benefits must be made to the trust account of my firm, given his assignment of the claim.

The facts, to my understanding, are, in summary:

a) Tracy Crawford was a long time employee of Southwest Airlines;

b) She was married to Steven Marshman, until their divorce in 2007;

c) Southwest Airlines had a group life insurance plan administered by Standard. After her divorce, Tracy designated her nephew, Cooper Burnett, as beneficiary under the Standard Policy;

d) Tracy married Jayson Crawford on August 15, 2011;

e) According to Jayson, Tracy made changes to her profit sharing, 401k, and life insurance benefits electronically on or about September 26, 2011, listing Jayson as the beneficiary for each;

**MET/CRAWFORD 00569**

**APP.004**

f)   At some point, apparently prior to 2011, Southwest changed its group life insurance coverage plan to one administered by Metlife;

g)   Tracy Crawford died on August 15, 2014;

h)   Upon making a claim for benefit, Jayson Crawford has learned that neither Metlife or Southwest have a record of an electronic (or paper) beneficiary designation for the Metlife policy;

i)   Southwest claims it can only locate a paper beneficiary designation for the old policy through Standard.

If the facts to your knowledge are different, please detail such differences.

In my experience with group ERISA life insurance policies, the plans typically specify that the spouse at the time of death receives the benefits if there is no current beneficiary designation. **Therefore, my client makes claim to the life insurance proceeds and demands that Metlife not pay any other purported beneficiary.**

I do not believe any designation under the prior policy is valid in this circumstance. This view is supported by Texas common law. In *Leath v. Tillery*, 424 S.W.2d 505 (Tex. Civ. App. Fort Worth 1968), the court considered a circumstance where the insured had designated her mother as beneficiary under the earlier policy, but had married and had a child after the change of carrier and not changed her beneficiary. The court refused to recognize the earlier designation, given the lack of updated designation and changed life circumstances. *Id.* at 506. While ERISA policies are governed by federal law, federal courts often look to analogous state law precedent. *Wegner vs. Standard Ins. Co.* 129 F. 3d 814 (5th Cir. 1997) (federal common law may be determined by reference to analagous state law).

Feel free to call or write if you wish to discuss this matter further.

Sincerely,

J. Michael Young

cc: client

MET/CRAWFORD 00570

APP.005

2
0
1
5
-
0
1
-
2
0

# **MetLife**

## **FAX COVER PAGE**    01/20/15 08:13:31 AM

| | |
|---|---|
| **To:** | dit |
| **Fax Number:** | 5702071701 |
| **From:** | Eileen |
| **Phone Number:** | 8006386420 |
| **Fax Number:** | 5705588657 |
| **Subject:** | TRACY CRAWFORD 21412010327 SOUTHWEST AIRLINES |

**Pages (including cover):**    1
**If there are problems with this facsimile call:**    8006386420

**Message:**
April,

The system indicates you are the contact in southfield for this claim.

We have a rival on this claim and there are questions regarding the beneficiary form on file for this claim.

Can you please send me the beneficiary designation form on file for this claim? We need the most recent beneficiary form and also any designation forms on file that may name a Jayson Crawford spouse as the beneficiary.

Employee is Tracy Crawford
SSN 455 13 9959

Thanks for your assistance,

**Eileen Bronson** | Complex Claims Examiner | MetLife Group Life Claims
5950 Airport Road, Oriskany, NY 13424 | T. 800-638-6420 | F. 570-558-8645 |

The Information contained in the following pages is privileged, confidential and intended only for the individual named above. ANY OTHER USE, DISSEMINATION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED AND IS TORTIOUS INTERFERENCE WITH OUR CONFIDENTIAL BUSINESS RELATIONSHIPS. If this document was erroneously sent to you, please notify us immediately at the number listed above and then destroy this document.

**MET/CRAWFORD 00571**

Dec 23 2014 15:32:26    MetLife    → ACS MetLife    Page 002

## Southwest Airlines Co. BenefitsPlus and Regular Plan Life
## Group Life and AD&D Beneficiary Designation Form

Name: Tracy Phillips    Date of Birth: 4/3/70

Department: In Flight    Employee ID: 16928

Address: 16307 Kill Ln.    City, State, Zip: Houston, Tx, 77066    SWA City Code: HOU 9

Home Phone: 832-221-5451 Call Phone: ___    Social Security Number: 465 12 9959

### *Please Read Instructions Before Completing This Form*

**Primary Beneficiary(ies) Designation**

I name the following person(s) or institution(s) to receive any benefits that may become payable upon my death (if any primary beneficiary predeceases you, payment will be made to the remaining primary beneficiary(ies), if any, pro rata based on their designated "Percent" unless you check (√) this box □ and attach a separate sheet of paper indicating a different distribution).

| Beneficiary Name | Relation | Address | Phone Number | Date of Birth | Social Security Number | Percent |
|---|---|---|---|---|---|---|
| Cooper Todd Burnett | Great Nephew | 5428 Sugar Creek, La Porte, TX. 77571 | 281-470-7277 | 9/10/09 | 642 11 7856 | 100% |
| | | | | | | % |
| | | | | | | % |
| | | | | | | % |

*NOTE: percentages must total 100%*

**Contingent Beneficiary(ies) Designation**

I name the following person(s) or institution(s) as Contingent Beneficiary(ies). I understand that no Contingent Beneficiary will be paid unless all Primary Beneficiaries have predeceased me (if any contingent beneficiary predeceases you, payment will be made to the remaining contingent beneficiary(ies), if any, pro rata based on their designated "Percent" unless you check (√) this box □ and attach a separate sheet of paper indicating a different distribution).

| Beneficiary Name | Relation | Address | Phone Number | Date of Birth | Social Security Number | Percent |
|---|---|---|---|---|---|---|
| Mandy Nicole Burnett | Niece | 5428 Sugar Creek, La Porte, TX. 77571 | 281-470-7277 | 8/2/76 | 461 91 8409 | 100% |
| | | | | | | % |

*NOTE: percentages must total 100%*

Employee Signature: Tracy Phillips

Date: 4/25/2014

If you need more space please attach an additional form indicating your designation.

In order for your designation to be effective, you must return this original form to:
Southwest Airlines Co.
Health & Welfare Benefits HDQ-4EB
PO Box 36611
Dallas, TX 75265-1611

(No Copies or Faxes)

rev. 04/2007

MET/CRAWFORD 00572

APP.007

Referral From: Eileen

Date: 12/22/15

Was referral suggested on a Senior phone line call? No
Has this been submitted to a Senior previously? No

Insured's Name: TRACY CRAWFORD     Claim Number/GLB #: 21412010327

Date of Due Proof: 1/21/2015     Group Name: SOUTHWEST AIRLINES

Beneficiary Name: COOPER BURNETT     Dollar Amount: $431,000.00

Coverage's:  ☒ Optional

On Line Plan #: 8107441  ▆▆▆▆  ▆▆▆▆

Calligo Link of Plan Documents: http://calligodocsvsrlso/CalligoCMS/livelink.exe/fetch/2001/2581145/1862649/1862412/151053088/151

Any special instructions for viewing
Plan Documents on Calligo:

Was Plan Document Referenced in the SPD Folder? Yes     Comment: SIGS

Sources Referenced:

Name of Procedure Referenced on ILCL:

Pages in DIT to Review:     Are areas referenced below highlighted in DIT?

Basic and or Optional
Issue:

Optional
Issue:

### Plan Language: Copy & Paste from SPD

• Beneficiary Designation: Life Insurance Beneficiary Designation must be completed through the MetLife web site at www.metlife.com/mybenefits. Effective June 15, 2013, paper life insurance designation forms will not be accepted by the Health & Wellness Team except for Committed Partner designations as described immediately below. (pg 115) plan doc   • If You do not name a beneficiary for the Life Insurance and AD&D Program or if no beneficiary survives You, then the Insurance Carrier will pay in order to (i) Your surviving Spouse (or if in BenefitsPlus Your surviving Committed Partner), (ii) Your surviving children in equal amounts, (iii) Your surviving parents in equal amounts, (iv) Your surviving brothers or sisters in equal amounts, or, finally, (v) Your estate.

### Summary

we have a claim where the paper beneform is dated 04/25/2008 was completed prior to the date of 08/15/2013 when they no longer did paper forms . However this is a valid designation form on file with the firm and accepted as valid. The attrny for the spouse has acknowledged this designation form by the insured. He is now claiming for the spouse indicating the spouse and the insured did an online designation form  on 09/26/2011 naming the spouse jaysch for bi and opt life. According to the firm there is no designation form on file that names the spouse.  The attrny for spouse is indicating we are not to make payment to anyone other than the spouse. Plan is aries

MET/CRAWFORD 00588

Insured's Name: TRACY CRAWFORD          Claim Number/GLB #: 21412010327

**Suggested Handling**

suggest advisement if denial to the spouse as not named bene would be defensible

**Course of Action**

The only bene designation on file is from 2008 naming Cooper Burnett. The Plan is ERISA regulated and MetLife's obligation is to the designated beneficiary. Draft a denial to the spouse as not the named beneficiary on the only beneficiary designation on file dated 4/25/2008. Letter should be addressed to the attorney for the spouse and indicate the SWA has no record of any online beneficiary change in 2011 naming the spouse for the Group Life benefit. Include perfection language to provide any evidence the life insurance beneficiary was electronically changed in 2011 to support an appeal.

Senior Handling: Jason

Date Handled: 1/23/2015

Pages Reviewed By Senior: All

Has Claims Been Sent to Medical Department: No

ADDITIONAL INFORMATION

V.13.2

MET/CRAWFORD 00589

**APP.009**



Metropolitan Life Insurance Company
Group Life Claims
P.O. Box 6100
Scranton, PA 18505
NOT FOR SERVICE OF LEGAL PROCESS

February 2, 2015

Sanders, O'Hanlon, Motley & Young, P.L.L.C.
111 South Travis St
Sherman, TX  75090

RE:  Plan Participant: Tracy Crawford (decedent)
     Plan Name & Group No.: Southwest Airlines 149670
     (Basic & Optional Life Insurance)
     Claim No.: 21412010327
     Your Client: Jayson Crawford

Dear Attorney Young:

We have evaluated your claim for the above referenced benefits. For the reasons detailed below, we must deny your clients claim.

The Plan is an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461. MetLife, as claims fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. ERISA defines beneficiary as a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

According to our records, the latest beneficiary designation on file that was completed by the decedent on April 25, 2008 does not name your client as the beneficiary of the Plan benefits. The beneficiary designation that is on file with the employee records is a valid beneficiary designation for the Plan benefits at issue. You state that according to your client, Ms. Crawford updated her beneficiary records to name your client on or about September 26, 2011. There is no record of any change of beneficiary on file with the employee records after the April 25, 2008 beneficiary designation. Your client would not be considered eligible for payment as the first eligible heir unless there was no valid beneficiary record on file at the time of Ms. Crawfords death.

Since your client was not named as beneficiary of the Plan benefits and not considered in the line of succession due to there being a valid beneficiary designation on file that does not name him, based on the record before MetLife, we must deny your clients claim.

Under ERISA, you have the right to appeal this decision within sixty (60) days after the receipt of this letter. To do so, you must submit a written request for appeal to MetLife at P.O. Box 6100, Scranton, PA 18505. Please include in your appeal letter the reason(s) you believe the claim was
gli311.rev.0005

**MET/CRAWFORD 00590**

**APP.010**

improperly denied, and submit any additional comments, documents, records or other information relating to your claim that you deem appropriate to enable MetLife to give your appeal proper consideration. Upon your written request, MetLife will provide you with a copy of the records and/or reports that are relevant to your claim.

MetLife Group Life Claim Appeal Committee will carefully evaluate all the information and advise the claimant of its decision within sixty (60) days after the receipt of the appeal. If there are special circumstances requiring additional time to complete the review, we may take up to an additional sixty (60) days, but only after notifying the claimant of the special circumstances in writing. In the event the appeal is denied in whole or in part, the claimant has the right to bring a civil action under Section 502(a) of ERISA.

If you would like us to reconsider your claim, in support of your appeal, please provide us with any documentation which evidences that your client was named as beneficiary by the Plan Participant for the Group Life Insurance and documented on file with the Employee records along with your written appeal.

If you have any questions, please contact our office at 315-792-6843.

Sincerely,


Group Life Claim Examiner
Group Life Claims Operations

gli311.rev.0005

**MET/CRAWFORD 00591**

**APP.011**

MetLife Claims Team

Pages including fax form

3 pages

Fax # 570 558 8645

From The Estate of Tracy Crawford.

**MET/CRAWFORD 00592**

To: MetLife Claims Team

Claim: 21412010327

Date: 2-4-15

Insured: Tracy Crawford

SS# 455 13 9959

Southwest Airlines # E16928

From: Tracy Crawford's Estate

Address 1114 14ᵗʰ ST Galveston TX 77550

Phone: 281 901 9338

Tracy Crawford's Estate is contesting the pay out to anyone other than the husband or to the Estate. Tracy Crawford's Estate has been requesting the life insurance plans from Southwest Airlines benefits, health and wellness department for several weeks. We just received the two plans Southwest Airlines use. 1) The Life Certs Benefits Plus Plan, your Benefits plan. 2) The Work Perks, Southwest Airlines health and wellness, Southwest Airlines Co Welfare Benefits Plan Summery Description 2014.

These are the two plans made available to all employees to view. These are the two plans Southwest benefits department gave Tracy Crawford to view in regards to her new life insurance policy with MetLife. These plans outline detail such as, state law being used to govern the plan and policy, to Southwest not using or accepting paper beneficiary forms anymore with Southwest's benefits, health and wellness department. The plan also outlines a beneficiary designation and the order in which it falls if none is listed on the policy with MetLife.

Both plans clearly state that they use state law to govern the plans and policy. The second plan makes it perfectly clear it is using Texas State law on page 4, to govern the plans and the policy. Texas is a community property state. If there is no Beneficiary designation on the new policy then, Tracy Crawford is expecting the policy to follow and go to the spouse under Texas law.

Both Plans clearly state that the new policy with MetLife must have a beneficiary designation made with MetLife and no longer with Southwest Airlines benefits department. Plan 2 clearly states all beneficiary updates or designations are to be done with MetLife and MetLife alone. As of June 15ᵗʰ, 2013 Southwest Airlines benefits health and welfare department are no longer using paper beneficiaries (plan 2, pages 115).

**MET/CRAWFORD 00593**

Both plans clearly state that, if there is no designated beneficiary on the policy with MetLife it pays according to the plan. 1) The spouse. 2) Children. 3) Parent. 4) Brother or Sister. 5) The Estate. (Plan 1, pages 77 and Plan 2, pages 122). Plan 1, page 77, also clearly states the Estate should be paid to resolve this matter.

Nowhere in plan 1 or in plan 2 does it clearly state that, If no beneficiary was made with MetLife on this new policy, that MetLife would revert back to Southwest Airlines benefits department for any old STALE beneficiaries made prior to this new policy. In fact both plans tell you and give you the full impression, if the benefiary is not designated with MetLife; MetLife pays out according to plan 1 page 77, and plane 2 page 122. Also see plan 2 pages 115, Southwest States they are no longer using paper beneficiary designations. This gives the full impression these are no longer valid or in use.

By Tracy Crawford electing not to designate a beneficiary with MetLife on this new policy, she believed the beneficiary payout was what was written in both plans according to the payout schedules. See both pay out schedules, plan 1 page 77 and plan 2 pages 122. Again, nowhere does it state if left blank MetLife would revert back to Southwest Airlines benefits department for any old paper beneficiaries. It clearly states it uses the two payout schedules in the plans only.

MetLife needs to honor the two payout schedules listed in both plans, or pay the Estate.

Both, Tracy Crawford and Tracy Crawford's Estate are expecting the policy to pay as follows according to the plans, with no beneficiary, with MetLife (Plan 1, pages 77 and Plan 2, pages 122). Again plan 1 clearly states, the Estate should be paid to resolve this matter with out issue.

Please contact the Estate of Tracy Crawford so we could get this resolved.

MET/CRAWFORD 00594

APP 014

Referral From: Amy Brennan

Date: 02/06/15

Was referral suggested on a Senior phone line call?  No
Has this been submitted to a Senior previously?  No

Insured's Name: TRACY CRAWFORD

Claim Number/GLB #: 21412010327

Date of Due Proof:

Group Name: SOUTHWEST AIRLINES

Beneficiary Name: COOPER BURNETT

Dollar Amount: $431,000.00

Coverage's:  ☒ Optional

On Line Plan #: 6107441

Caligo Link of Plan Documents: http://cell3codogsvcsrlsp/CallsgoDMS/livelink.exe/fetch/2001/2/3914/6/1862949/1852412/151053038/151...

Any special instructions for viewing Plan Documents on Caligo:

Was Plan Document Referenced in the SPD Folder?  Yes       Comment SIGS

Sources Referenced:

Name of Procedure Referenced on ILCL:

Pages in DIT to Review:                     Are areas referenced below highlighted in DIT?

*Seats and or Optional*
Issue:

*Optional*
Issue:

## Plan Language: *Copy & Paste from SPD*

- Beneficiary Designation: Life Insurance Beneficiary Designation must be completed through the MetLife web site at www.metlife.com/mybenefits. Effective June 15, 2013, paper life insurance designation forms will not be accepted by the Health & Wellness Team except for Committed Partner designations as described immediately below. (pg 115) plan doc    - If You do not name a beneficiary for the Life Insurance and AD&D Program or if no beneficiary survives You, then the Insurance Carrier will pay in order to (i) Your surviving Spouse (or if in BenefitsPlus Your surviving Committed Partner), (ii) Your surviving children in equal amounts, (iii) Your surviving parents in equal amounts, (iv) Your surviving brothers or sisters in equal amounts, or, finally, (v) Your estate.

## Summary

Paper bene form on file is dated 04/25/2008 was completed prior to the date of 06/15/2013 when they no longer did paper forms . However this is a valid designation form on file with the firm and abcepted as valid. The atrny for the spouse has acknowledged this designation form by the Insured. He is now claiming for the spouse indicating the spouse end the Insured did an online designation form  on 09/26/2011 naming the spouse jayson for bi and opt life. According to the firm there is no designation form on file that names the spouse.  The atrny for spouse is indicating we are not to make payment to anyone other than the spouse.  Denial was sent 02/02/2015 via the Attorney. We have received a letter from "Tracy Crawford Estate" dated 02/04/2015 stating that they now have the Plans and the Plan states that state law governs the plan and policy and that Texas is a community property state and therefore should pay to the Spouse.

MET/CRAWFORD 00595

SENIOR REFERRAL FORM

**Insured's Name:** TRACY CRAWFORD          **Claim Number/GLB #:** 21412010327

The letter also stated that the Plans state the the new policy with MetLife must have a bene on file and only MetLife and no longer with SW Air benefits Dept. They state that no where does it state that MetLife would revert back to the SW beneficiary designation and by the employee not electing to designate a bene with MetLife she belived that the bene payout would be following the LOS. Letter requests payout to either spouse or the Estate.

## Suggested Handling

Advise if we are considering this as an appeal by Jayson OR, write to refer him to his Attorney as our Feb 2 letter was sent to the Attorney that represents him. Appears this letter is written by the spouse Jayson name as the first letter we received in the file, he is represented by counsel now. Also need to know OR, are we considering this a claim made by Jayson on behalf of the Estate. The first initial denial denied the claim being made by Jayson as an individual only.

## Course of Action

The letter is not signed; however states it is from the Estate of Tracy Crawford. We have no documenation to show who the Est rep is. Agree to draft an initial denial to the attny on behalf of the Estate. The section about state law governing in the Plan Doc is for privacy laws. The Plan also states it is no longer accepting paper designations. It does not state we are no longer honoring the designations already on file. Draft an initial appeal and refer to the srs for review.

**Senior Handling:** KayDee

**Date Handled:** 2/9/2015

**Pages Reviewed By Senior:** ell

**Has Claims Been Sent to Medical Department:** Yes

ADDITIONAL INFORMATION

V.13.2

MET/CRAWFORD 00596

# SANDERS, OHANLON, MOTLEY & YOUNG, P.L.L.C.

111 S.Travis St.
Sherman, TX 75090
(903) 892-9133, fax (903) 892-4302
www.somlaw.net

## FACSIMILE TRANSMISSION

**DATE:**  **February 11, 2015**            **NO. OF PAGES  4**

**RE:**  **Tracy Phillips Crawford**

**TO:**  **Group Benefits Administrator**

**FAX#:**  **570-558-8645**

**FROM:**  *Jennifer Beyer, Assistant to J. Michael Young*

**MESSAGE:**  *Attached please find correspondence from Mike Young.*

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IS THE ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS TRANSMISSION IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE TRANSMISSION TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL TRANSMISSION TO US AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE. THANK YOU.

If you do not receive all pages, please call _____.

MET/CRAWFORD 00597

## SANDERS, O'HANLON, MOTLEY & YOUNG, P.L.L.C.

LAWYERS:                                                                          LAWYERS:

ROGER D. SANDERS                          111 South Travis Street          ANTHONY O'HANLON, P.C.*
J. MICHAEL YOUNG                          Sherman, Texas 75090                    LUKE MOTLEY, IV*
LAURA GALLARDO                            Office: (903) 892-9133              JIPENDAR T. REDDY*
                                          Fax: (903) 892-4302

                                          www.somlaw.net                              *Of Counsel

February 11, 2015

Attn: Claim #21412010327
Metlife Group Claims                      **VIA FAX (570) 558 8645**
PO Box 6100                               **AND VIA CERTIFIED MAIL**
Scranton, PA 18505

        **Insured:**        Tracy Phillips Crawford
        **Date of Death:**  12/15/2014
        **CLAIM #:**        21412010327

Dear Metlife Group Life Claims Examiner:

        As you are aware, I represent Jayson Crawford regarding his claim to group life insurance benefits from his deceased wife, Tracy Crawford.   His wife had basic and supplemental life insurance policies through Southwest Airlines.

        I have reviewed your letter of February 2, 2015, pertaining to the claim by Jayson Crawford   This response will serve as a formal appeal of that letter.

        As the letter notes, an ERISA life insurance plan must be administered in accordance with the controlling plan documents. However, in reviewing the letter, I am struck by the complete absence of any reference to the actual terms of the ERISA plan at issue. The letter asserts that the 2008 designation "is a valid beneficiary designation for the Plan benefits at issue." I would expect that assertion to have been followed by a comparison of that document to the specific terms of the plan. But such support is lacking. Frankly, it is even not clear from the letter if Metlife, as ERISA administrator has even reviewed the purported designation, as opposed to just relying from second hand information from Southwest Airlines. Thus, the "our records" reference in your letter may be misleading.

1

MET/CRAWFORD 00598

APP.018

The letter does not contradict what Southwest Airlines has told my client: that the 2008 designation was not made for the particular policy offered and administered by Metlife. Instead, it was made for a prior policy/plan offered and administered by The Standard or by the Colonial. According to my client, such designation may have been made for an AD&D policy, which Tracy subsequently cancelled. If Metlife contends that what my client was told was factually incorrect, I request that Metlife provide me a copy of the 2008 designation, along with the date that Metlife began offering the group life insurance plan through Southwest Airlines.

Based on the understanding that the 2008 designation was through an entirely different plan/policy, an examination of the terms of the CURRENT plan/policy compels a result that my client receive the life insurance benefits. Specifically, the Southwest Airlines Co. Welfare Benefit Plan, "Summary Plan Description" provides as follows:

> **Beneficiary Designation:** Life Insurance Beneficiary Designation must be completed through the MetLife web site at www.metlife.com/mybenefits. Effective June 15, 2013, paper life insurance designation forms will not be accepted by the Health & Wellness Team except for Committed Partner designations as described immediately below. (p. 115)

. . .

> **BENEFICIARIES:** When You Enroll in the Life and AD&D Insurance Program, You must name a beneficiary who will receive Your benefit if You die. You may name anyone You want. You must name one or more primary beneficiaries (who receive Your benefit first) and one or more contingent beneficiaries (who receive Your benefit if Your primary beneficiary dies before receiving it). Your beneficiary designation must be the same for Life and AD&D Insurance death benefits. (p. 122)

Note that there is no reference to carrying forward or acknowledging designations made for a prior plan/policy. Instead, reference is made to a beneficiary designation that "must be completed through the MetLife web site." (emphasis added) Therefore, according to the specific terms of the plan, any designation made in any other manner would not be given effect through the current plan. Again, if Metlife contends that the 2008 designation was made by Tracy Crawford through the MetLife web site, please provide evidence of same.

The plan specifically sets out how the benefits are to be paid if a designation is not made in accordance with the plan terms:

> If You do not name a beneficiary for the Life Insurance and AD&D Program or if no beneficiary survives You, then the Insurance Carrier

2.

**MET/CRAWFORD 00599**

**APP.019**

will pay in order to (i) Your surviving Spouse (or if in BenefitsPlus Your surviving Committed Partner), (ii) Your surviving children in equal amounts, (iii) Your surviving parents in equal amounts, (iv) Your surviving brothers or sisters in equal amounts, or, finally, (v) Your estate.

By the very terms of the plan at issue, my client, as the surviving spouse, is entitled to payment of the benefits. Therefore, he makes demand that Metlife make payment to him, through this firm.

At minimum, Metlife should avoid potential liability for double payment by not paying the proceeds to anyone other than Jayson Crawford. I direct your attention to *Poindexter V. Miller*, 2010 WL 1009695 (W.D. Penn. 2010). That case suggests that my client has a viable state law negligence claim against Metlife should it pay someone else while on notice of my client's claim to the benefits.

My client is mindful that Metlife may be facing competing claims and does not want to risk a determination for one claimant that could expose it to double payment down the road. Therefore, my client is comfortable with Metlife deciding that the determination of the proper beneficiary should be left to a federal court and filing an interpleader action in Texas.

However, before Metlife files the interpleader, it may be that the interested claimants would rather reach an agreement rather than incur the expense and uncertainty of years of litigation. Therefore, Metlife is authorized to provide my contact information to any other claimant or their attorney.

We look forward to your timely response.

Sincerely,

J. Michael Young

cc: client

3

MET/CRAWFORD 00600

APP 020

**SENIOR REFERRAL FORM**

Referral From: Amy Brennan

Date: 02/16/15

Was referral suggested on a Senior phone line call? No
Has this been submitted to a Senior previously? No

Insured's Name: TRACY CRAWFORD          Claim Number/GLB #: 21412010327

Date of Due Proof:                       Group Name: SOUTHWEST AIRLINES

Beneficiary Name: COOPER BURNETT          Dollar Amount: $431,000.00

Coverage's:          ☒ Optional

On Line Plan #: 8107441          ▓▓▓▓     ▓▓▓▓

Catigo Link of Plan Documents: http://caltigodocsvcsrisp/CaltgoDMS/ilvelink.exe/fetch/2001/75B145/18625/8/18524121/51053088/151

Any special instructions for viewing
Plan Documents on Catligo:

Was Plan Document Referenced in the SPD Folder? Yes          Comment SIOS

Sources Referenced:

Name of Procedure Referenced on ILCL:

Pages in DIT to Review:          Are areas referenced below highlighted in DIT?

Basic and or Optional
Issue:

Optional
Issue:

**Plan Language:** Copy & Paste from SPD

- Beneficiary Designation: Life Insurance Beneficiary Designation must be completed through the MetLife web site at www.metlife.com/mybenefits. Effective June 15, 2012, paper life insurance designation forms will not be accepted by the Health & Wellness Team except for Committed Partner designations as described immediately below. (pg 115) plan doc   • If You do not name a beneficiary for the Life Insurance and AD&D Program or if no beneficiary survives You, then the Insurance Center will pay in order to (i) Your surviving Spouse (or if in BenefitsPlus Your surviving Committed Partner), (ii) Your surviving children in equal amounts, (iii) Your surviving parents in equal amounts, (iv) Your surviving brothers or sisters in equal amounts, or, finally, (v) Your estate.

**Summary**

Paper bene form on file is dated 04/25/2008 was completed prior to the date of 09/15/2013 when they no longer did paper forms. However this is a valid designation form on file with the firm and accepted as valid. The atthy for the spouse has acknowledged this designation form by the insured. He is now claiming for the spouse indicating the spouse and the insured did an online designation form on 09/26/2011 naming the spouse jayson for bi and opt life. According to the firm there is no designation form on file that names the spouse.   The atthy for spouse is indicating we are not to make payment to anyone other than the spouse.   Denial was sent 02/02/2015 via the Attorney. We have received a letter from "Tracy Crawford Estate" dated 02/04/2016 stating that they now have the Plans and the Plan states that state law governs the plan and policy and that Texas is a community property state and therefore should pay to the Spouse.

MET/CRAWFORD 00605

**APP.021**

SENIOR REFERRAL FORM

| Insured's Name: TRACY CRAWFORD | Claim Number/GLB #: 21412010327 |

The letter also stated that the Plans state the the new policy with Metlife must have a bene on file and only MetLife and no longer with SW Air benefits Dept. They state that no where does it state that MetLife would revert back to the SW beneficiary designation and by the employee not electing to designate a bene with Metlife she belived that the bene payout would be following the LOS. Letter requests payout to either spouse or the Estate. Letter is drafted for initial denial for estate's claim. RE-REFER- since the time I sent the drafted denial for the estate's claim we received an appeal from the attorney for the initial denial to the spouse. Letter states that support of reliance of the previous bene form is lacking and also refers to a case under state law and also wants us to file an interpleader.

### Suggested Handling

Agree that his client, spouse of the employee, was not named and not entitled in LOS as there was a beneficiary designation on file, even though the beneficiaries were to be done online as of 08/15/2013 that did not void the paper beneficiary forms currently on file. There is no Plan language which states the previous paper forms would no longer be valid. Agree to send a new denial letter which addresses these points and include denial to estate so this would be a new initial denial.

### Course of Action

PER APPEALS, WE NEED TO CONFIRM WITH ADMIN THAT THE PREVIOUS DESIGNATIONS WERENT REVOKED. ONCE THEY CONFIRM THAT, THEN WE ARE GOING TO UPHOLD THE DENIAL TO THE SPOUSE. AS THE ESTATE IS ALSO MAKING A CLAIM, ONCE ADMIN CONFIRMS THAT PRIOR DESIGNATIONS WERENT REVOKED, THEN WE CAN ALSO DRAFT A DENIAL LETTER TO THE ESTATE AND GIVE APPEAL RIGHTS.

Senior Handling: Charles

Date Handled: 2/19/2015

Pages Reviewed By Senior: All

Has Claims Been Sent to Medical Department: No

ADDITIONAL INFORMATION

V.13.2

MET/CRAWFORD 00606

# MetLife

## FAX COVER PAGE     03/17/15 09:31:57 AM

| | |
|---|---|
| **To:** | DIT |
| **Fax Number:** | 5702071701 |
| **From:** | |
| **Phone Number:** | |
| **Fax Number:** | |
| **Subject:** | FW: LCI Escalation-Status Update needed-Claim number 21412010327 |

**Pages (including cover):**     5
**If there are problems with this facsimile call:**

**Message:**

From: Brown, Rebecca On Behalf Of Ins_Oriskany_Glif_MPM_Escalations
Sent: Monday, March 16, 2015 1:47 PM
To: Brennan, Amy
Subject: FW: LCI Escalation-Status Update needed-Claim number 21412010327

Hi Amy,

I am returning to you to continue with your review and refer to continue with review of the appeal. ADMN confirmed if there is no designation completed online, it reverts back to the paper designation, they were not considered no longer valid.

Thanks Becky

Rebecca A Brown| Claim Business Consultant | MetLife Group Life Claims
5950 Airport Road, Oriskany, NY 13424 | T. 315-792-6396 | F. 570-558-8645 |
rabrown@metlife.com

**From:** McGuire, Larry
**Sent:** Monday, March 16, 2015 1:43 PM
**To:** Ins_Oriskany_Glif_MPM_Escalations

The Information contained in the following pages is privileged, confidential and intended only for the individual named above. ANY OTHER USE, DISSEMINATION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED AND IS TORTIOUS INTERFERENCE WITH OUR CONFIDENTIAL BUSINESS RELATIONSHIPS. If this document was erroneously sent to you, please notify us immediately at the number listed above and then destroy this document.

**MET/CRAWFORD 00638**

Cc: Melillo, Nicholas; Brennan, Amy
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327

Rebecca,

The Cert and the SPD are silent on the matter. The only mention is that paper will no longer be provided after 06/01/2013 and all future changes will need to be made on our website.

*Thanks*

## Larry D. McGuire|National Accounts|South Customer Unit
## Sr. Client Services Consultant |972-246-3828 – Voice|518-953-1748 - Fax
**lmcguire@metlife.com**

**From:** Brown, Rebecca **On Behalf Of** Ins_Oriskany_Glif_MPM_Escalations
**Sent:** Monday, March 16, 2015 12:37 PM
**To:** McGuire, Larry
**Cc:** Melillo, Nicholas; Brennan, Amy
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327

Hi Larry,

I'm following to see if you found out on any communications. Your email below indicated you were checking on any communications that may have been sent.

Please advise

Thanks Becky

Rebecca A Brown| Claim Business Consultant | MetLife Group Life Claims
5950 Airport Road, Oriskany, NY 13424 | T. 315-792-6396 | F. 570-558-8645 | rabrown@metlife.com

**From:** McGuire, Larry
**Sent:** Wednesday, March 11, 2015 8:40 AM
**To:** Ins_Oriskany_Glif_MPM_Escalations
**Cc:** Melillo, Nicholas; Brennan, Amy
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327

Amy

**MET/CRAWFORD 00639**

**APP.024**

No, if there is no bene on listed online with MetLife we revert back to the paper form that SWA had on file prior to the transition. I am double checking any communications.

*Thanks*

**Larry D. McGuire|National Accounts|South Customer Unit**
**Sr. Client Services Consultant |972-246-3828 – Voice|518-953-1748 -**
**Fax**
**lmcguire@metlife.com**

**From:** Brown, Rebecca **On Behalf Of** Ins_Oriskany_Glif_MPM_Escalations
**Sent:** Wednesday, March 11, 2015 6:57 AM
**To:** McGuire, Larry
**Cc:** Melillo, Nicholas; Brennan, Amy
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327

Hi Larry,

Thank you for your response. Our question is, the designation in 2008 that names Cooper, was this designation revoked or considered no longer valid when the customer went to online beneficiary designations. If so, was there a communication sent to the insured advising the prior designations would no longer be valid if so, can we be provided with a copy of the letter.

I am showing the LCI is in your "My work" and that you opened the task on 3/10/2015 and you made a note in the note tab (Pend Task Reason) Legal

Please advise

Thanks Becky

Rebecca A Brown| Claim Business Consultant | MetLife Group Life Claims
5950 Airport Road, Oriskany, NY 13424 | T. 315-792-6396 | F. 570-558-8645 |
rabrown@metlife.com

**From:** McGuire, Larry
**Sent:** Tuesday, March 10, 2015 2:23 PM
**To:** Ins_Oriskany_Glif_MPM_Escalations
**Cc:** Melillo, Nicholas; Brennan, Amy
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327

Good Afternoon

MET/CRAWFORD 00640

I do not show any outstanding LCI's, and I have answered this question in the past. There are no other bene forms with MetLife or with SWA.

*Thanks*

## Larry D. McGuire|National Accounts|South Customer Unit
## Sr. Client Services Consultant |972-246-3828 – Voice|518-953-1748 - Fax
**lmcguire@metlife.com**

**From:** Brown, Rebecca **On Behalf Of** Ins_Oriskany_Glif_MPM_Escalations
**Sent:** Tuesday, March 10, 2015 1:13 PM
**To:** McGuire, Larry
**Cc:** Melillo, Nicholas; Brennan, Amy
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327

Hi Larry,

Please provide a status on this LCI.

Thanks Becky

Rebecca A Brown| Claim Business Consultant | MetLife Group Life Claims
5950 Airport Road, Oriskany, NY 13424 | T. 315-792-6396 | F. 570-558-8645 |
rabrown@metlife.com

**From:** Brown, Rebecca
**Sent:** Thursday, March 05, 2015 9:02 AM
**To:** McGuire, Larry
**Cc:** Melillo, Nicholas; Brennan, Amy
**Subject:** LCI Escalation-Status Update needed-Claim number 21412010327

Hi Larry,

Please provide a status update on a LCI for Tracy Crawford-Southwest Airlines-claim number 21412010327-LCI ID# 40942

We are currently reviewing an appeal based on a denial to a party not the named beneficiary. We need to know if the beneficiary designation that is attached in MPM dated 04/28/2008 naming Cooper the great nephew was revoked or considered no longer valid once the customer went to online designations. If so, was there a written communication sent to the employees regarding this. If so, are they able to provide that actual letter sent to the insured or a copy of the generic letter that was sent.

**MET/CRAWFORD 00641**

Please advise. As we have an appeal, we need an answer so we can continue with the appeal review

Thanks Becky

Rebecca A Brown| Claim Business Consultant | MetLife Group Life Claims
5950 Airport Road, Oriskany, NY 13424 | T. 315-792-6396 | F. 570-558-8645 |
rabrown@metlife.com

MET/CRAWFORD 00642

APP.027

**SENIOR REFERRAL FORM**

Referral From: Amy Brennan

Date: 03/17/15

Was referral suggested on a Senior phone line call? No
Has this been submitted to a Senior previously? No

Insured's Name: TRACY CRAWFORD

Claim Number/GLB #: 21412010327

Data of Due Proof:

Group Name: SOUTHWEST AIRLINES

Beneficiary Name: COOPER BURNETT

Dollar Amount: $431,000.00

Coverage's:

☒ Optional

On Line Plan #: S107441

Catigo Link of Plan Documents: http://callipodpcavoserisofCalllcroDMS/ivolink.exe/fetch/2001/2681/45/1852649/1892412/1510590aar161!

Any special instructions for viewing
Plan Documents on Catigo:

Was Plan Document Referenced in the SPD Folder? Yes    Comment SIQS

Sources Referenced:

Name of Procedure Referenced on ILCL:

Pages in DIT to Review:

Are areas referenced below highlighted in DIT?

*Basic and or Optional*
Issue:

*Optional*
Issue:

---

**Plan Language: Copy & Paste from SPD**

• Beneficiary Designation: Life Insurance Beneficiary Designation must be completed through the MetLife web site at www.metlife.com/mybenefits. Effective June 15, 2013, paper life insurance designation forms will not be accepted by the Health & Wellness Team except for Committed Partner designations as described immediately below. (pg 115) plan doc   • If you do not name a beneficiary for the Life Insurance and AD&D Program or if no beneficiary survives You, then the Insurance Carrier will pay in order to (i) Your surviving Spouse (or if in BenefitsPlus Your surviving Committed Partner), (ii) Your surviving children in equal amounts, (iii) Your surviving parents in equal amounts, (iv) Your surviving brothers or sisters in equal amounts, or, finally, (v) Your estate.

---

**Summary**

Paper bene form on file is dated 04/25/2008 was completed prior to the date of 06/15/2013 when they no longer did paper forms . However this is a valid designation form on file with the firm and accepted as valid. The entry for the spouse has acknowledged this designation form by the insured. He is now claiming for the spouse indicating the spouse and the insured did an online designation form  on 09/29/2011 naming the spouse Jayson for (b) and opt life. According to the firm there is no designation form on file that names the spouse.  The entry for spouse is indicating we are not to make payment to anyone other than the spouse.  Denial was sent 02/02/2015 via the Attorney. We have received a letter from "Tracy Crawford Estate" dated 02/04/2015 stating that they now have the Plans and the Plan states that state law governs the plan and policy and that Texas is a community property state and therefore should pay to the Spouse.

MET/CRAWFORD 00643

Insured's Name: TRACY CRAWFORD          Claim Number/GLB #: 21412010327

The letter also stated that the Plans state the the new policy with Metlife must have a bene on file and only MetLife and no longer with SW Air benefits Dept. They state that no where does it state that MetLife would revert back to the SW beneficiary designation and by the employee not electing to designate a bene with Metlife she belived that the bene payout would be following the LOS. Letter requests payout to either spouse or the Estate Letter is drafted for initial denial for estate's claim. RE-REFER- since the time I sent the drafted denial for the estate's claim we received an appeal from the attorney for the initial denial to the spouse. Letter states that support of reliance of the previous bene form is lacking and also refers to a case under state law and also wants us to file an interpleader.

## Suggested Handling

Agree that his client, spouse of the employee, was not named and not entitled in LOS as there was a beneficiary designation on file, even though the beneficiaries were to be done online as of 06/15/2013 that did not void the paper beneficiary forms currently on file. There is no Plan language which states the previous paper forms would no longer be valid. Agree to send a new denial letter which addresses these points and include denial to estate so this would be a new initial denial. IT has been confirmed via Admin that if no bene online it reverts back to the paper bene that would already be on file. Online process did not void the paper bene's on file.

## Course of Action

Appeal review - Uphold denial to spouse.  Confirmed the prior designations were not revoked. No such language in the plan. Language states going forward (2013) they do electronic designations and not paper. Does not invalid prior paper.

Senior Handling: Tim

Date Handled: 3/20/2015

Pages Reviewed By Senior:

Has Claims Been Sent to Medical Department:

ADDITIONAL INFORMATION

V.13.2

MET/CRAWFORD 00644

# MetLife

Group Life Claims
P.O. Box 6100
Scranton, PA 18505-6100
1-800-638-6420

## Life Insurance Claim Form
### Claimant's Statement

**Insured's Employer Name:** Southwest Airlines
**Insured Employee Name:** Tracy Crawford

In order to process your claim as quickly as possible we need some information about you and about the deceased  Each beneficiary must submit his or her own Claimant's Statement  Return this completed Claimant's Statement to the Employer or directly to MetLife, in accordance with the instructions you received with this form  Be sure to include a certified copy of the death certificate that indicates the cause and manner of death  A certified copy of the death certificate is one that has been certified by the local Bureau of Vital Statistics or other responsible agency, and bears a raised or colored seal  You can usually obtain one from the funeral director who handled the arrangements  Only one death certificate need be submitted  Please note that original documents cannot be returned

**Additional Information if Beneficiary is a Minor:**

If no legal guardian is appointed to handle the minor's estate, a responsible adult should complete and sign the Claimant's Statement on behalf of the minor beneficiary  Be sure to complete Section A with information regarding the minor, not the party completing the form  If a legal guardian of the minor child's estate has been or will be appointed, the guardian must complete and sign the Claimant's Statement  Be sure to include a copy of court-issued guardianship papers in the claim submission to MetLife.

## A. Information about the beneficiary:

1  Your Name (please print in capital letters or type)  COOPER [First]  TODD [Middle Initial]  BURNETT [Last]

   Maiden Name (if applicable)  X

2  Social Security No /TIN 642 / 11 / 7286

3  Date of Birth October 10 2001 [Mo/Day/Year]  ☒ Male ☐ Female

4  Country of Citizenship  USA

5  Phone Number  Day ( 713 ) 241-9348 [Area Code]    Evening ( 713 ) 241 - 9348 [Area Code]

6  Fax Number (optional) ( X ) -  [Area Code]

7  Mailing Address  8700 RED BLUFF [Number/Street]    628 [Apt./Box No. (if any)]
   Pasadena [City]    Texas [State]    77507 [Zip]

8  Relationship to the deceased
   You are the  ☐ Spouse  ☐ Child  ☐ Parent  ☒ Other  Nephew [Explain]

9  If you have signed a document with a funeral home (a funeral home assignment) that authorizes MetLife to make a payment directly to it, please attach the document and check here ☐

## B. Information about the deceased:

1  His/Her Name  TRACY [First]    CRAWFORD [Last]

   Maiden Name (if applicable)  PHILLIPS [Middle Initial]

2  Residence Address  1114 [Number]    14th ST [Street]    [Apt./Box No. (if any)]
   GALVESTON [City]    TX [State]    77550 [Zip]

3  Marital Status  ☐ Single  ☒ Married  ☐ Widow/Widower  ☐ Separated  ☐ Divorced

4  Date of Birth  APRIL 3 1970 [Mo/Day/Year]

5  Social Security No  455 / 13 / 9959

6  Certified copy of death certificate is  ☒ attached (or was previously submitted)  ☐ not attached
   If not attached, please explain

7  If the decedent also held an individual life insurance policy with MetLife, please provide the policy number: _____
   or call 1-800-638-5000 for information

**MET/CRAWFORD 00645**

**APP.030**

Insured Employee Name: *Tracy Crawford*

## C. Total Control Account (TCA)

Our standard payment method is in the form of a Total Control Account. A personalized draftbook and a kit that includes information about your TCA will be sent to you if an Account is established. Your TCA will be guaranteed by MetLife and your TCA will be accessible to you when you need it. A check will be issued to you if required by state law, regulation or direction.

## D. Estate Resolution Service (ERS)

Because your loved one participated in MetLife's group supplemental life insurance program, you are entitled, at no cost, to take advantage of the Estate Resolution Services. For more information regarding Estate Resolution Services and how to access the service please read the enclosed document titled <u>MetLife Estate Resolution Services</u>℠ – Assistance in Probating the <u>Insured Estate</u>

## E. Delivering the Promise (DTP)

If a MetLife DTP Specialist assisted you with this claim, you may elect to have your check mailed to the Specialist, who will deliver it to you. If you wish to have the proceeds mailed to your DTP Specialist, please check the appropriate box below. If no box is checked, the proceeds will be delivered directly to you

☐ Deliver to DTP Specialist

DTP Specialist Name _____        District Agency Index (DAI)

DTP Specialist Address _____        _____

☑ Deliver to Beneficiary

## F. Certifications and Signature:

By signing below, I acknowledge.

1  All information I have given is true and complete to the best of my knowledge and belief.

2  I consent to the pro rata deduction of any contributions owed by the insured from insurance proceeds paid to me.

3. MetLife has the right to recover any amounts that it determines to be an overpayment  An overpayment occurs if MetLife determines that: (a) the total amount paid by MetLife on your claim is more than the total amount of benefits due to you under the benefit plan/insurance certificate, or (b) MetLife made payment to you when the payment should have been made to someone else  In case of an overpayment, I agree to repay MetLife the specifically overpaid funds  I further understand that if an overpayment is not repaid, MetLife reserves the right to rely on any means to recover the overpayment, including institution of litigation.

4.  I have read the applicable Fraud Warning(s) provided in this form  New York Residents  Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation

Under penalty of perjury, I certify:

1. That the number shown on this form is my correct taxpayer identification number; and
2. That I am not subject to IRS required backup withholding as a result of failure to report all interest or dividend income; and
3. I am a U S  citizen, or a U.S. resident for tax purposes.

*Please note: If item 2 or 3 above is not true, cross out the applicable item(s).*

The IRS does not require your consent to any provision of this document other than the certification to avoid backup withholding

---

Please sign below  Include first and last name. If you are receiving a Total Control Account, this signature will be placed on file with your Account  If Beneficiary is a minor, the legal guardian or adult submitting this form must sign, not the minor

*Mandy Mace*
Claimant Signature

*January 13, 2015*
Date Signed

DC-TCA5-DTP-ERS (05/12)

MET/CRAWFORD 00646

APP.031

2
0
1
5
-
0
3
-
12
3
1002102430021
1002102430021

**DENNIS M. SLATE\***
ATTORNEY AT LAW P.C.
112 E. FORREST
Deer Park, TX 77536
Tel: 281-476-9447
Fax: 281-476-5811

\* **BOARD
CERTIFIED**
Texas Board of Legal Specialization
FAMILY LAW

Melissa Dennis
Associate Attorney

Ryann Tighe
Legal Assistant

Erin Rollins
Legal Assistant

March 13, 2015

Via Certified Mail, Return Receipt Requested

Met Life
P.O. Box 6100
Scranton, PA 18505-6100

RE:    Insured:     Tracy Crawford
        Group No    0149670
        Claim No    21412010327

Dear Sir or Ma'am:

Please find enclosed the following documents:

- *A Certified Death Certificate for TRACY CRAWFORD, and*
- *Completed Claimant's Statement*

Do not hesitate to contact our office should you have any questions

Sincerely,

Dennis M. Slate

md.DMS

CC.  Mandy Mace

**MET/CRAWFORD 00647**

**APP.032**

## DEPARTMENT OF STATE HEALTH SERVICES
### VITAL STATISTICS UNIT

TEXAS DEPARTMENT OF STATE HEALTH SERVICES - VITAL STATISTICS

**STATE OF TEXAS** | **CERTIFICATE OF DEATH** | **STATE FILE NUMBER** 142-14-171498

| 1 LEGAL NAME OF DECEASED (Include AKA's if any) (First, Middle, Last) | | | 2 DATE OF DEATH (ACTUAL OR PRESUMED) |
|---|---|---|---|
| TRACY CRAWFORD | PHILLIPS | | DECEMBER 15, 2014 |

| 3 SEX | 4 DATE OF BIRTH (mm-dd-yyyy) | 5 AGE Last Birthday (Years) | 6 UNDER 1 YR | 6 UNDER 1 DAY | 7 BIRTHPLACE (City & State or Foreign Country) |
|---|---|---|---|---|---|
| FEMALE | APRIL 3, 1970 | 44 | Mo | Days | Hours | Min | WACO, TX |

| 7 SOCIAL SECURITY NUMBER | 8 MARITAL STATUS AT TIME OF DEATH | 9 SURVIVING SPOUSE'S NAME (If wife, give name prior to first marriage) |
|---|---|---|
| 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 | ☐ Married ☐ Widowed ☐ Divorced ☐ Never Married ☐ Unknown | JAYSON CRAWFORD |

| 10a RESIDENCE STREET ADDRESS | | 10b APT NO | 10c CITY OR TOWN |
|---|---|---|---|
| 1114-14TH STREET | | | GALVESTON |

| 10d COUNTY | 10e STATE | 10f ZIP CODE | 10g INSIDE CITY LIMITS |
|---|---|---|---|
| GALVESTON | TEXAS | 77550 | ☒ Yes ☐ No |

| 11 FATHER'S NAME | 12 MOTHER'S NAME PRIOR TO FIRST MARRIAGE |
|---|---|
| HOLLIS W PHILLIPS | RUBYN SIMMONS |

| 13 PLACE OF DEATH (CHECK ONLY ONE) | | |
|---|---|---|
| IF DEATH OCCURRED IN A HOSPITAL: ☒ Inpatient ☐ ER/Outpatient ☐ DOA | IF DEATH OCCURRED SOMEWHERE OTHER THAN A HOSPITAL: ☐ Hospice Facility ☐ Nursing Home ☐ Decedent's Home ☐ Other (Specify) | |

| 14 COUNTY OF DEATH | 15 CITY/TOWN ZIP (IF OUTSIDE CITY LIMITS, GIVE PRECINCT NO) | 16 FACILITY NAME (If not institution, give street address) |
|---|---|---|
| GALVESTON | GALVESTON, 77550 | JOHN SEALY HOSPITAL |

| 17 INFORMANT'S NAME & RELATIONSHIP TO DECEASED | 18 MAILING ADDRESS OF INFORMANT (Street and Name or City/State Zip Code) |
|---|---|
| JAYSON CRAWFORD - HUSBAND | 1114-14TH STREET, GALVESTON, TX 77550 |

| 19 METHOD OF DISPOSITION | 20 SIGNATURE AND LICENSE NUMBER OF FUNERAL DIRECTOR OR PERSON ACTING AS SUCH | 21 |
|---|---|---|
| ☐ Burial ☒ Cremation ☐ Donation ☐ Entombment ☐ Removal from state ☐ Other (Specify) | FRANKLIN W CARNES SLEY ELECTRONIC SIGNATURE - 8423 | ☒ Embalmed / SenPos / Block / Lot / Space |

| 22 PLACE OF DISPOSITION (Name of cemetery, crematory, other place) | 23 LOCATION (City/Town, and State) |
|---|---|
| MAINLAND MEMORIAL CREMATORY | HITCHCOCK, TX |

| 24 NAME OF FUNERAL FACILITY | 25 COMPLETE ADDRESS OF FUNERAL FACILITY (Street and Number, City, State, Zip Code) |
|---|---|
| CARNES BROTHERS FUNERAL HOME GALVESTON | 1201 TREMONT, GALVESTON, TX 77550 |

26 CERTIFIER (Check only one)
☒ Certifying physician To the best of my knowledge, death occurred due to the cause(s) and manner stated
☐ Medical Examiner/Justice of the Peace On the basis of examination and/or investigation, in my opinion, death occurred at the time, date and place, and due to the cause(s) and manner stated

| 27 SIGNATURE OF CERTIFIER | 28 DATE CERTIFIED (mm-dd-yyyy) | 29 LICENSE NUMBER | 30 TIME OF DEATH (Actual or presumed) |
|---|---|---|---|
| NILUSON METHACHITTIPHAN, BY ELECTRONIC SIGNATURE | DECEMBER 15, 2014 | BP1-0049193 | 04 10 AM |

| 31 PRINTED NAME, ADDRESS OF CERTIFIER (Signet and Number, City State Zip Code) | 32 TITLE OF CERTIFIER |
|---|---|
| NILUSON METHACHITTIPHAN, 301 UNIVERSITY BLVD, GALVESTON, TX 77550-0569 | MD |

| | | 33 Approximate Interval Onset to death |
|---|---|---|
| 33 PART I ENTER THE CHAIN OF EVENTS DISEASES, INJURIES, OR COMPLICATIONS THAT DIRECTLY CAUSED THE DEATH DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY DO NOT ABBREVIATE ENTER ONLY ONE CAUSE ON EACH | | |
| IMMEDIATE CAUSE (Final disease or condition resulting in death) ----→ a REFRACTORY CARDIOGENIC SHOCK WITH MULTI ORGAN FAILURE | Due to (or as a consequence of) | 5 DAYS |
| Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST b | Due to (or as a consequence of) | |
| c | Due to (or as a consequence of) | |
| d | | |

| PART II OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I | 35 WAS AN AUTOPSY PERFORMED? ☐ Yes ☒ No |
|---|---|
| ST ELEVATION MI, LARGE SIZE MYOCARDIAL INFARCTION | 36 WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? ☐ Yes ☐ No |

| 38 MANNER OF DEATH | 37 DID TOBACCO USE CONTRIBUTE TO DEATH | 39 IF FEMALE | 40 TRANSPORTATION INJURY SPECIFY |
|---|---|---|---|
| ☒ Natural ☐ Accident ☐ Suicide ☐ Homicide ☐ Pending Investigation ☐ Could not be determined | ☐ Yes ☒ No ☐ Probably ☐ Unknown | ☒ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to one year before death ☐ Unknown if pregnant within the past year | ☐ Driver/Operator ☐ Passenger ☐ Pedestrian ☐ Other (Specify) |

| 42a DATE OF INJURY (mm-dd-yyyy) | 42b TIME OF INJURY | 42c INJURY AT WORK | 42d PLACE OF INJURY (e.g. Decedent's home construction site, restaurant, wooded area) | 43 COUNTY OF INJURY |
|---|---|---|---|---|
| | | ☐ Yes ☐ No | | |

| 42e LOCATION (Street and Number City/State Zip Code) | |
|---|---|
| | |

41 DESCRIBE HOW INJURY OCCURRED

| 45 REGISTRAR FEE NO | 46 DATE RECEIVED BY LOCAL REGISTRAR | 46b REGISTRAR | REGISTRAR - GALVESTON COUNTY HEALTH DISTRICT. ELECTRONICALLY FILED | LHA |
|---|---|---|---|---|
| 92-2132 | DECEMBER 17, 2014 | | | |

EDR NUMBER 000015265d1

This is a true and correct reproduction of the original record as recorded in this office. Issued under authority of Section 191 051, Health and Safety Code

**ISSUED** DEC 18 2014

GERALDINE R. HARRIS
STATE REGISTRAR

WARNING THIS DOCUMENT HAS A DARK BLUE BORDER AND A COLORED BACKGROUND

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

CERTIFIED

VS-112 REV 1/2000

QA05306116

THE STATE OF TEXAS

DEPARTMENT OF STATE HEALTH SERVICES · VITAL STATISTICS

APP.033

From: Borelli, Andrew on behalf of SeniorReferral
Sent: Tuesday, April 07, 2015 11:57 AM
To:    Brennan, Amy
Subject:    RE: 21412010327 CRAWFORD LETTERS RUSH

Importance: High

Amy,

I discussed this claim with UL Pati Casey today. We do not need to send a separate
denial for the Estate.
Apparently no Estate exists at this time, and as we didn't know who the letter of
2/5/2015 came from,
we encompassed our denial of Jayson Crawford's claim as well as the Estate's claim
in our uphold denial
letter. We can proceed with review of the claim for payment if we have everything
else we need, and if
Jayson Crawford files an Estate claim we can address with him via his attorney at
that time. Thank you.


Andrew Borelli | Senior Claim Examiner
MetLife Group Life Claims Operations
T. 315 792 5856



From: Brennan, Amy
Sent: Thursday, April 02, 2015 2:33 PM
To: SeniorReferral
Subject: 21412010327 CRAWFORD LETTERS RUSH


Amy Brennan
Examiner
MetLife-Group Life Claims
PO Box 6100
Scranton, PA 18505
1-800-638-6420
Fax 570-558-8645

**MET/CRAWFORD 00656**

| | |
|---|---|
| From: | McGuire, Larry |
| Sent: | Tuesday, April 07, 2015 2:50 PM |
| To: | Brennan, Amy |
| Subject: | RE: LCI Escalation-Status Update needed-Claim number 21412010327 |

Amy,

Yes she met the actively at work requirements at time of death.

*Thanks*

**Larry D. McGuire|National Accounts|South Customer Unit**
**Sr. Client Services Consultant |972-246-3828 – Voice|518-953-1748 -**
**Fax**
**lmcguire@metlife.com**

---

**From:** Brennan, Amy
**Sent:** Tuesday, April 07, 2015 1:48 PM
**To:** McGuire, Larry
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327
**Importance:** High

Larry,

We resolved the LCI issue- sorry. I just used the same email to keep it all together.

As far as the date last worked, did the EE meet the Plan's definition of the actively at work upon their date of death?

Thank you for your quick response on this, trying to get it paid today.

Amy Brennan
Examiner
MetLife-Group Life Claims
PO Box 6100
Scranton, PA 18505
1-800-638-6420
Fax 570-558-8645

**MET/CRAWFORD 00657**

**APP.035**

---

**From:** McGuire, Larry
**Sent:** Tuesday, April 07, 2015 2:44 PM
**To:** Brennan, Amy
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327

Amy,

I cannot find this LCI. The last date worked would be the day prior to the hospitalization. SWA does not track last date worked.

*Thanks*

**Larry D. McGuire|National Accounts|South Customer Unit**
**Sr. Client Services Consultant |972-246-3828 – Voice|518-953-1748 -**
**Fax**
**lmcguire@metlife.com**

---

**From:** Brennan, Amy
**Sent:** Tuesday, April 07, 2015 1:10 PM
**To:** McGuire, Larry
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327
**Importance:** High

Larry,

We are getting ready to pay this claim and I need to verify the date she last worked. Death Certificate shows she was inpatient hospital yet the claim shows she last worked the day before her death. Can you get a verification for me on the day last worked as a rush please? I would like to send this to be reviewed for payment today.

Thanks

**Tracy Crawford**
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


Amy Brennan
Examiner
MetLife-Group Life Claims
PO Box 6100

**MET/CRAWFORD 00658**

**APP.036**

Scranton, PA 18505
1-800-638-6420
Fax 570-558-8645

---

**From:** McGuire, Larry
**Sent:** Wednesday, March 11, 2015 8:40 AM
**To:** Ins_Oriskany_Glif_MPM_Escalations
**Cc:** Melillo, Nicholas; Brennan, Amy
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327

Amy

No, if there is no bene on listed online with MetLife we revert back to the paper form that SWA had on file prior to the transition. I am double checking any communications.

*Thanks*

**Larry D. McGuire|National Accounts|South Customer Unit**
**Sr. Client Services Consultant |972-246-3828 – Voice|518-953-1748 - Fax**
**lmcguire@metlife.com**

---

**From:** Brown, Rebecca **On Behalf Of** Ins_Oriskany_Glif_MPM_Escalations
**Sent:** Wednesday, March 11, 2015 6:57 AM
**To:** McGuire, Larry
**Cc:** Melillo, Nicholas; Brennan, Amy
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327

Hi Larry,

Thank you for your response. Our question is, the designation in 2008 that names Cooper, was this designation revoked or considered no longer valid when the customer went to online beneficiary designations. If so, was there a communication sent to the insured advising the prior designations would no longer be valid if so, can we be provided with a copy of the letter.

I am showing the LCI is in your "My work" and that you opened the task on 3/10/2015 and you made a note in the note tab {Pend Task Reason} Legal

Please advise

Thanks Becky

**MET/CRAWFORD 00659**

Rebecca A Brown| Claim Business Consultant | MetLife Group Life Claims
5950 Airport Road, Oriskany, NY 13424 | T. 315-792-6396 | F. 570-558-8645 | rabrown@metlife.com

**From:** McGuire, Larry
**Sent:** Tuesday, March 10, 2015 2:23 PM
**To:** Ins_Oriskany_Glif_MPM_Escalations
**Cc:** Melillo, Nicholas; Brennan, Amy
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327

Good Afternoon

I do not show any outstanding LCI's, and I have answered this question in the past. There are no other
bene forms with MetLife or with SWA.

*Thanks*

## Larry D. McGuire|National Accounts|South Customer Unit
## Sr. Client Services Consultant |972-246-3828 – Voice|518-953-1748 –
## Fax
## lmcguire@metlife.com

**From:** Brown, Rebecca **On Behalf Of** Ins_Oriskany_Glif_MPM_Escalations
**Sent:** Tuesday, March 10, 2015 1:13 PM
**To:** McGuire, Larry
**Cc:** Melillo, Nicholas; Brennan, Amy
**Subject:** RE: LCI Escalation-Status Update needed-Claim number 21412010327

Hi Larry,

Please provide a status on this LCI.

Thanks Becky

Rebecca A Brown| Claim Business Consultant | MetLife Group Life Claims
5950 Airport Road, Oriskany, NY 13424 | T. 315-792-6396 | F. 570-558-8645 | rabrown@metlife.com

**From:** Brown, Rebecca
**Sent:** Thursday, March 05, 2015 9:02 AM
**To:** McGuire, Larry
**Cc:** Melillo, Nicholas; Brennan, Amy
**Subject:** LCI Escalation-Status Update needed-Claim number 21412010327

Hi Larry,

MET/CRAWFORD 00660

Please provide a status update on a LCI for Tracy Crawford-Southwest Airlines-claim number 21412010327-LCi ID# 40942

We are currently reviewing an appeal based on a denial to a party not the named beneficiary. We need to know if the beneficiary designation that is attached in MPM dated 04/28/2008 naming Cooper the great nephew was revoked or considered no longer valid once the customer went to online designations. If so, was there a written communication sent to the employees regarding this. If so, are they able to provide that actual letter sent to the insured or a copy of the generic letter that was sent.

Please advise. As we have an appeal, we need an answer so we can continue with the appeal review

Thanks Becky



Rebecca A Brown| Claim Business Consultant | MetLife Group Life Claims
5950 Airport Road, Oriskany, NY 13424 | T. 315-792-6396 | F. 570-558-0845 | rabrown6@...

Please provide a status update on a LCI for Tracy Crawford-Southwest Airlines-claim number 21412010327-LCI ID# 40942

We are currently reviewing an appeal based on a denial to a party not the named beneficiary. We need to know if the beneficiary designation that is attached in MPM dated 04/28/2008 naming Cooper the great nephew was revoked or considered no longer valid once the customer went to online designations. If so, was there a written communication sent to the employees regarding this. If so, are they able to provide that actual letter sent to the insured or a copy of the generic letter that was sent.

Please advise. As we have an appeal, we need an answer so we can continue with the appeal review

Thanks Becky



Rebecca A Brown| Claim Business Consultant | MetLife Group Life Claims
5950 Airport Road, Oriskany, NY 13424 | T. 315-792-6396 | F. 570-558-8645 | rabrown@metlife.com

MET/CRAWFORD 00661

# SANDERS, O'HANLON, MOTLEY & YOUNG, P.L.L.C.

LAWYERS:                                                                    LAWYERS:

ROGER D SANDERS                    111 South Travis Street           ANTHONY O'HANLON, P C *
J MICHAEL YOUNG                    Sherman, Texas 75090              LUKE MOTLEY, IV*
LAURA GALLARDO                     Office (903) 892-9133             UPENDAR T REDDY*
                                   Fax. (903) 892-4302

                                   www.somlaw.net                        *Of Counsel

                          April 7, 2015

Attn: Claim #21412010327
Metlife Group Claims                        **VIA FAX (570) 558 8645**
PO Box 6100                                 **AND VIA CERTIFIED MAIL**
Scranton, PA 18505

          **Insured:**        Tracy Phillips Crawford
          **Date of Death:**  12/15/2014
          **CLAIM #:**        21412010327

Dear Metlife Group Life Claims Examiner

        I am writing in response to your letter of March 31, 2015 to Jayson Crawford.  Please
direct all future correspondence to Mr Crawford to my attention.

        There is currently no estate proceeding pending for Tracy Crawford. Based on my review
of the ERISA plan at issue, there is no need for an estate proceeding as Jayson Crawford would
receive the proceeds as surviving spouse, since there was no valid beneficiary designation
consistent with the explicit terms of the plan

        Please note that the life insurance proceeds should be sent to my attention and made
payable to my firm's trust account, pursuant to my agreement with Mr. Crawford

                                   Sincerely,

                                   J. Michael Young

cc: client

                                          **MET/CRAWFORD 00677**

                                          **APP.041**

## SANDERS, O'HANLON, MOTLEY & YOUNG, P.L.L.C.

LAWYERS:

ROGER D SANDERS
J MICHAEL YOUNG
LAURA GALLARDO

111 South Travis Street
Sherman, Texas 75090
Office (903) 892-9133
Fax (903) 892-4302

www.somlaw.net

LAWYERS:

ANTHONY O'HANLON, P C *
LUKE MOTLEY, IV*
UPENDAR T REDDY*

*Of Counsel

April 10, 2015

Attn: Claim #21412010327
Tim D Copperwheat
Metlife Group Claims
PO Box 6100
Scranton, PA 18505

**VIA FAX (570) 558 8645
AND VIA CERTIFIED MAIL**

|  |  |
|---|---|
| **Insured:** | Tracy Phillips Crawford |
| **Date of Death:** | 12/15/2014 |
| **CLAIM #:** | 21412010327 |

Dear Mr. Copperwheat:

I just received yesterday, via fax, your letter dated March 23, 2015.

Please send me as soon as possible a copy of the designation executed by Tracy Crawford on April 25, 2008  My client believes that was not a designation for this particular plan at issue.

As you know, ERISA requires a strict adherence to the terms of the plan. The terms of this plan state "Life Insurance Beneficiary Designation **must** be completed through the Metlife web site . . ." (emphasis added)  The word "must" is mandatory and an interpretation to the contrary exposes Metlife to double liability should it pay the benefits in accord with a designation that was not "completed through the Metlife web site."

I reiterate that Metlife can avoid the possibility of double payment and be treated as an innocent stakeholder if it interpleads the funds into a court.

Sincerely,

J. Michael Young

MET/CRAWFORD 00679

**APP.042**

# GROUP LIFE APPEALS TEMPLATE

| | |
|---|---|
| Date of Denial or Termination | 02/02/15 |
| Date Appeal Received | 02/11/15 |
| Date Appeal Reviewed | 03/19/15 |
| Insured Last Name | Crawford |
| Insured First Name | Tracy |
| Claim # | 21412010327 |
| Is this an Initial Appeal or 2nd Appeal | Initial |
| Group Customer Name | Southwest Airlines |
| Department Source | Group Life |
| Team Code | R |
| Orig Examiner who drafted Denial Letter | Amy Brennan |
| Senior on Denial Letter | Becky Brown |
| Senior on Appeal | Tim D Copperwheat |
| Type of Denial - Coverage or Bene | Beneficiary |
| Coverage 1 | |
| Coverage 2 | |
| Coverage 3 | |
| Reason | Rival |
| Reason Details for Rival and AD&D Exclusions ...otherwise N/A | Rival - Invalid Bene Designation |
| Date of Death | 12/15/14 |
| Who filed the Appeal ? | Attorney |
| ERISA or NonERISA | ERISA |
| Pertinent page numbers in the administrative record displayed from the Hot View view on NetView: | Rival notice 2, Rival letter 3, Designation 9, Appeal, 30 & 36. Admin 76-77 |

MET/CRAWFORD 00686

APP.043

| Page 2 for Claim # | 21412010327 |
| Details of Claim File & Appeal | |

initial claim submission contacted notice of potential rival. (pg 2). There was not an electronic bene form but there was a paper form on file. Spouse, Jayson Crawford contends he is the beneficiary and was named (pg 3). There is paper form on file dated 4/25/08 naming a Cooper, great nephew, as primary beneficiary and Mandy niece as contingent. . (pg 9). No evidence of a 2011 form done naming Jayson, only the 2008. Denial is therefore sent to Jayson & his attry advising not the named beneficiary and no evidence of a change of beneficiary in 2011. (pg 27). ----- First Jayson appeals directly, claiming the plan docs obtained state only desigantion with MetLife (electronic) is valid and since none her estate should receive the funds. (pg 30). This is followed by appeal from the attry with same arguement, that the plan states as of 6/15/2013 paper insurance designations forms will not be accepted. (pg 36). There is however nothing noting that prior ones already accepted would be invalidated.

We contacted admin to confirm prior designations were revoked or not. Admin confirmed nothing revokes the priors, they just switched from paper to electronic at that time. (pg 76-77)

MET/CRAWFORD 00687

APP.044

Group Life Claims Division

P O  BOX 6100
SCRANTON, PA 18505-6100

**MetLife®**

## STATEMENT OF CLAIM

| | | | |
|---|---|---|---|
| INSURED | TRACY CRAWFORD | CLAIM NUMBER | 21412010327 |
| PAYEE | COOPER BURNETT | GROUP/SUB/PAY POINT | 0149870/000/0007 |
| ADDRESS | 8300 RED BLUFF APT 628 | FACE VALUE | $431,000.00 |
| | PASADENA, TX    77507 | INTEREST AMOUNT | $105 28 |
| | | AMOUNT PAID | $431,105.28 |
| | | DATE | 04-09-2015 |

Your claim has been approved and a Total Control Account has been established
for you. You will be receiving a package which will include a draftbook and
large booklet explaining your account within the next few days  If you have any
questions about your account please call our toll free number (1-800-638-7283)
to speak to a customer service representative

**Important:**

United States Social Security benefits may also be payable  For information regarding possible benefits we suggest that the
claimant communicate with the nearest office of the Social Security Administration. If the deceased insured was named as
beneficiary on any other insurance policies, a new beneficiary should be designated without delay.

The interest portion of this payment is taxable income and should be included on your federal and state income tax returns  If
the interest paid is $200 or more, it will be reported to the IRS, and you will receive Form 1099-INT at year end  Therefore,
please notify the claims office listed above of any address change

POLICY HOLDER  SOUTHFIELD LRK
METROPOLITAN LIFE INS. CO.
P.O. BOX 6100
SCRANTON, PA 18505-6100          99996

COOPER BURNETT
8300 RED BLUFF APT 628
PASADENA, TX    77507

**MET/CRAWFORD 00688**

**APP.045**

## GROUP LIFE APPEALS TEMPLATE

| | |
|---|---|
| Date of Denial or Termination | 02/02/15 |
| Date Appeal Received | 07/20/15 |
| Date Appeal Reviewed | 07/30/15 |
| Insured Last Name | Crawford |
| Insured First Name | Tracy |
| Claim # | 21412010327 |
| Is this an Initial Appeal or 2nd Appeal | 2nd |
| Group Customer Name | Southwest Airlines |
| Department Source | Group Life |
| Team Code | R |
| Orig Examiner who drafted Denial Letter | Amy Brennan |
| Senior on Denial Letter | Tim D Copperwheat |
| Senior on Appeal | Marie O'Dell |
| Type of Denial - Coverage or Bene | Beneficiary |
| Coverage 1 | |
| Coverage 2 | |
| Coverage 3 | |
| Reason | Rival |
| Reason Details for Rival and AD&D Exclusions otherwise N/A | Rival - Invalid Bene Designation |
| Date of Death | 12/15/14 |
| Who filed the Appeal ? | Attorney |
| ERISA or NonERISA | ERISA |
| Pertinent page numbers in the administrative record displayed from the Hot View view on NetView | D/C: 85<br>Rival Notice: 2, 3, 4, 6, 7<br>Bene Designation: 9<br>Denial (not bene): 27, 28<br>Appeal: 30, 31, 35, 36, 37<br>Admin Emails: 75 - 79<br>Uphold. 87, 88, 101, 102   New Appeal (new atty): 128 - 133<br>2nd uphold: 150-151<br>Atty letter: pgs 155-156 |

MET/CRAWFORD 00725

| Page 2 for Claim # | 21412010327 | |
| --- | --- | --- |
| Details of Claim File & Appeal | | |

A rival claim was submitted from the EE's spouse Jayson Crawford. The only beneficiary designation form on file was a paper designation completed in 2008 naming a great-nephew as the beneficiary. Crawford contended that he was named as the beneficiary in 2011; this was not the case so we denied the rival claim. Crawford and his attorney both appealed, claiming the plan docs obtained state that only electronic designations with MetLife are valid and that therefore, the estate should get the funds since there was no electronic designation on file.The attorney argued that the plan states as of 6/15/2013, paper insurance designations forms will not be accepted (36). The Plan never states that older designations are revoked. We contacted admin to confirm if prior designations were revoked or not. Admin confirmed nothing revokes the priors, the customer just switched from paper to electronic at that time. We upheld our denial and provided certain documents to the first attorney representing Crawford. Crawford has obtained a new attorney, Rawlings, who makes a demand for payment. Rawlings essentially makes many of the same arguments and states that it was the EE's intention for Crawford to be named as beneficiary by default. Rawlings requested the entire claim file, other enrollment forms, and case

Rawlings requested the entire claim file, other enrollment forms, and case law sufficient in Rawlings' view to support our actions. Funds were PIF to the designated beneficiary of 2008 after the uphold was sent. We sent an uphold letter to atty Rawlings. Atty Rawlings has sent in another letter stating he has not received a copy of the policy. He also states that just because the SPD does not state that paper designations would no longer be honored and is requesting anything that MetLife relied upon to accept the paper designation.

Send response letter to atty that the policy would be same doc as SPD for group life insurance. Also advise that the SPD is a summary that the employees rely upon regarding changes to their benefits so based on the language in the SPD it only states that paper forms will not be accepted effective 6/15/13 but does not direct the employees to complete a new form if they have a paper designation on file. Also advise appeal rights exhausted.

MET/CRAWFORD 00726

# MetLife

**Metropolitan Life Insurance Company**

**Group Life Claims**
**PO Box 6100**
**Scranton, PA 18505**

March 31, 2015

JAYSON CRAWFORD
1114 14TH STREET
GALVESTON, TX  77550

RE:   Insured: Tracy Crawford
        Group No:  0149670
        Claim No.  21412010327

Dear  Jayson Crawford:

We are writing in regard to the above-referenced claim for Group Life insurance benefits.  Please accept our sincere condolences at this time.

In order for us to continue reviewing this claim, we request that you please forward the following documentation and/or requested information to this office.  Please do not submit original documents unless expressly directed to – original documents will not be returned:

> ➤ Certified Estate Papers issued by the Probate Court appointing an Administrator/Executor for the Estate of TRACY CRAWFORD.

The required information is necessary to further review the claim.  If it is not received, MetLife must place the proceeds into a Liability (or holding) Account.  The proceeds will remain there until the necessary documents are provided or the proceeds may ultimately need to be escheated to the appropriate state.

If you have any questions, please contact our office at 800-638-6420 prompt 2.

Sincerely

Group Life Claims Operations

Enclosure
BGP01

**MET/CRAWFORD 00760**

**APP.048**

# MetLife

Metropolitan Life Insurance Company

**Group Life Claims**
**PO Box 6100**
**Scranton, PA 18505**

March 02, 2015

GUARDIAN OF COOPER BURNETT
C/O DENNIS SLATE ATTORNEY AT LAW-112 E FORREST
DEER PARK, TX  77536

RE:     Insured: Tracy Crawford
        Group No: 0149670
        Claim No. 21412010327

Dear  Guardian Of Cooper Burnett:

We are writing in regard to the above-referenced claim for Group Life insurance benefits.  Please accept our sincere condolences at this time.

In order for us to continue reviewing this claim, we request that you please forward the following documentation and/or requested information to this office.  Please do not submit original documents unless expressly directed to – original documents will not be returned:

  ➢  A Certified Death Certificate for TRACY CRAWFORD, with a raised or colored seal, indicating the cause and/or manner of death.

  ➢  Complete the enclosed Claimant's Statement, sign and date the form.

The required information is necessary to further review the claim.  If it is not received, MetLife must place the proceeds into a Liability (or holding) Account.  The proceeds will remain there until the necessary documents are provided or the proceeds may ultimately need to be escheated to the appropriate state.

If you have any questions, please contact our office at 800-638-6420 prompt 2.

Sincerely

Group Life Claims Operations

Enclosure
BGP0I

**MET/CRAWFORD 00762**

**APP.049**

**MET/CRAWFORD 00763**

APP.050